UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERALD PIERCE,
  Plaintiff,

v.

MAUREEN A. WALSH, et al.,
  Defendants

CIVIL ACTION No. 07-11305-PBS

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DISMISSAL

The plaintiff (hereafter, "Pierce") submits this memorandum in Support of his Opposition to Defendant's Motion to Dismiss.

The defendant's are not entitled to Qualified immunity. They correctly cite *Harlow v. Fitzgerald*, 457 U.S. 800, 818, which declares that

> "[G]overnment officials performing discretionary functions are shielded from liability for civil damages..."

However, the unconstitutional conduct that Pierce complains of is not a *discretionary* one. Rather, the Direct

observation of his urination was a requirement. The defendants do not dispute this (see their Memorandum at page two:

> "After the plaintiff was paroled to a halfway house he was informed that he was required to submit to drug testing via the direct observation method.")

All parolees are required to submit to the direct observation of their urination as part of the Parole Board's drug testing policy. According to this policy, 120 PAR 605.01 (11)(B)(5): the tester/monitor must:

> "<u>Observe Parolee Giving Specimen</u>: The officer or staff must observe the parolee urinating into the cup to ensure that the parolee gives an unadulterated specimen."

Accordingly, because the requirement for direct observation is governed by a Parole CMR, it is a non-discretionary act and the defendants are not entitled to qualified immunity.

However, even if this Court should conduct a Qualified Immunity analysis, the defendants would still not be entitled to qualified immunity.

The first prong of a qualified immunity analysis is to determine whether the defendant's conduct violates a constitutional right?

Here, there is no question that the defendant's conduct violated both the Fourth Amendment of the U.S. Constitution and Article Fourteen of the Commonwealth's Declaration of Rights.

The defendant's reliance upon Samson v. California, 547 U.S. 843 (allowing suspicionless searches of parolees) is unfounded. The reasons why the Supreme Court allowed the suspicionless searches of California parolees are

  (1) The California Penal Code allows for such searches (see Cal. Penal Code Ann. §3067(a))

and,

  (2) The Parole search conditions under California law (allowing the suspicionless searches) are clearly expressed to the would-be parolee and he signs a so-called Fourth Amendment waiver.

Neither of these conditions are present in the matter that is before the court. Art. 14 specifically prohibits suspicionless searches. And the Supreme Judicial Court has ruled that probationers (and, Pierce submits, parolees) are entitled to Art. 14 protection (see Com. v. LaFrance, 402 Mass. 789 (1988), wherein the court rejected Griffin v. Wisconsin, 483 U.S. 868).

As well, it was never clearly expressed to Pierce that he was waiving his Fourth Amendment and Art. 14 constitutional rights nor did he sign any valid consent form.

It doesn't matter that Pierce relies upon employee disputes to support his contention that Direct observation of urination violates the Fourth Amendment and Art. 14. The Supreme Judicial Court, in LaFrance has ruled that probationers (and, Pierce submits, parolees) are entitled to the same protection as non-probationers.

Thus, Pierce can easily meet the "clearly established" 2nd prong of the Qualified immunity analysis. LaFrance was decided in 1988. Hansen v. California Dept. of Corrections, 920 F. Supp. 1480, was decided in 1996, and Byrne v. Mass. Bay Trans. Auth., 196 F. Supp. 2d 77, was decided in 2002.

The defendants' attempt to confuse the issue with their "Parolees have less rights than probationers" argument. The issue before the Court is:

"Does a parolee have the same constitutional protection as an inmate?"

Does Pierce, as a parolee, have a constitutional right to the very same drug test, 103 DOC 525.03,

(4)

that he utilized as an inmate? or does he lose his constitutional protection?

And, finally, Pierce can easily meet the third prong of the qualified immunity analysis. Both Nyman and Barnes are government officials and,

> "Government officials are charged with knowledge of constitutional developements, including all available decisional law." Tribble v. Gardner, 860 F.2d. 321, 324.

Accordingly, the defendants are not entitled to qualified immunity and their Motion To Dismiss should be DENIED.

Submitted by the plaintiff,

_/s/ Gerald Pierce_

Gerald Pierce
c/o Anchor Inn
P.O. Box 240
N. Quincy, MA. 02171

DATED: August 08, 2008

CERTIFICATE OF SERVICE

I, Gerald Pierce, hereby certify that I caused the defendants to be served with a copy of this Opposition and memorandum by mailing same to their counsel, Maura D. McLaughlin, by first class mail, postage pre-paid, at One Ashburton Place, Boston, MA 02108, today, August 08, 2008.

signed: _/s/ Gerald L. Pierce_
Gerald L. Pierce

(5)